UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JEANETTE SOLORIO, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 1:16-cv-01480-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 10)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

　　　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim but he was given leave to amend. (ECF No. 8.) His first amended complaint is before the Court for screening.

**I.    Screening Requirement**

　　　　The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. He names the following defendants: Jeanette Solorio, Carolina Soto, Mariah Davila, and Sherrie Baery. His allegations may be summarized essentially as follows:

Another detainee is permitted to wear long johns. Plaintiff wore long johns and, as a result, his level was taken and he was deprived of groups. He was not permitted to go to the library or the hospital store. He believes this occurred because he is an Afrikan Muslim.

The "bitches" became upset and put a lie in Plaintiff's chart that would be used at his probable cause hearing. They told him, "This is the price of doing business." They want to control him so he cannot expose their conspiracies.

Plaintiff was moved from Unit 5 to Unit 8. Unit 8 is worse. He is being harassed. His ADA rights are being violated. Plaintiff was assaulted and lost his job. He was forced to take medication for fourteen days. At a hearing, "they" found in Plaintiff's favor. His medication was decreased. A Trojan horse is in place. Plaintiff has no means to provide for himself. He is a Republican and has an active lifestyle.

"They" took all of Plaintiff's red gear, Miami Heat gear, and Adidas shower shoes on the ground Plaintiff is a validated gang member. Plaintiff concedes he is a gang member but states that others are permitted to "fly [their] colors."

Plaintiff seeks to have "the guilty decertified," the return of his red items, compensation for the "drama," and the appointment of Dan Corbett at Jones Day as counsel.

IV.   **Analysis**

    A.   **New Claims**

Plaintiff previously was advised that leave to amend was not granted for the purposes of adding new claims. (ECF No. 8.) Nevertheless, Plaintiff has added claims regarding his move from Unit 5 to Unit 8 and the seizure of his gear that were not contained in the original complaint. There is nothing to indicate whether the alleged conduct is attributable to any of the named defendants.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir.

2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's inclusion in this action of new claims attributable to unknown individuals appears to violate Rule 20(a). Plaintiff may not pursue unrelated claims against unrelated defendants in this action.[1] If Plaintiff wishes to pursue these claims he must do so in a separate action. Accordingly, these allegations will not be addressed further herein.

### B. Conditions of Confinement

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). Such individuals are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Id. at 320-22.

---

[1] It appears that the alleged conduct may have occurred since the filing of Plaintiff's original complaint. The allegations thus indicate that Plaintiff will not be prejudiced by the statute of limitations in bringing a separate suit based on these allegations. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015).

4

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff's allegations do not suggest that the conditions of his detention were instituted with a lack of professional judgment or with conscious indifference amounting to gross negligence. He therefore fails to state a claim. He previously was advised of this legal standard but has failed to cure noted defects. Further leave to amend should be denied.

### C. Younger Abstention

Plaintiff refers to "lies" that will be used in a probable cause hearing regarding his continued detention.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state

5

judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

Younger abstention "applies to civil proceedings . . . in which important state interests are involved." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (citations omitted). In particular, Younger abstention applies to proceedings under California's Sexually Violent Predator Act. See, e.g., Rhoden v. Mayberg, 361 Fed. App'x 895, 896 (9th Cir. 2010); Delray v. Baca, 2010 WL 3789516, at *1-3 (C.D. Cal. Aug. 17, 2010), Report and Recommendation adopted, 2010 WL 3783336 (C.D. Cal. Sept. 27, 2010); Clemons v. Kramer, 2008 WL 3833416, at *3–5 (C.D. Cal. Aug. 15, 2008); Woodard v. Plummer, 2002 WL 1457871, at *1 (N.D. Cal. July 2, 2002).

Accordingly, to the extent this allegation raises a constitutional claim, the Court nonetheless should abstain from intervening. This claim should be dismissed without prejudice.

### D. Revocation of Level

Plaintiff appears to allege his level was revoked for wearing long johns. He claims that the deprivation was without due process. To make such a claim, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In addition to establishing a liberty interest, Plaintiff must also establish that he was not provided all of the process he was entitled to under federal law.

To the extent the revocation was disciplinary in nature, civil detainees have a liberty interest in not being punished without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010) (citing

Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action)); see also Cerniglia v. Cty. of Sacramento, No. 2:99-cv-01938-JKS-DAD, 2008 WL 1787855, at *14 (E.D. Cal. Apr. 18, 2008) (noting that "[c]ontrolling law in this circuit is that due process requires that a pretrial detainee be provided a hearing before being subjected to internal disciplinary action" and seeing no reason not to extend that principle to civil detainees).

The Supreme Court has outlined the minimum procedural protections due before a detainee may be deprived of a liberty interest effecting major changes in the conditions of confinement amounting to punishment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Mitchell v. Dupnik, 75 F.3d at 525 (applying Wolff to pretrial detainees); Rhoden, 2010 WL 4449711, at *22 (applying Wolff to civil detainees.) They are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

Plaintiff provides no details regarding any processes afforded with respect to the revocation of his level. He previously was advised of this legal standard but failed to cure noted defects. The allegations as pled fail to state a claim. Further leave to amend should be denied.

### E. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a

7

protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that he was prohibited from wearing long johns while other detainees were allowed to wear long johns. He believes this occurred because he is an Afrikan Muslim. He provides no facts to support this assertion or to otherwise show intentional discrimination.

It therefore appears the allegation does not involve membership in a protected class. As such, Plaintiff must allege facts to show that the prohibition was without a rational relationship to legitimate state interest. He does not do so.

Plaintiff previously was advised of this legal standard but nevertheless fails to state a cognizable claim. Further leave to amend should be denied.

### F.  Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Plaintiff alleges neither. He previously was advised of this standard and afforded an opportunity to amend. Further leave to amend should be denied..

### G.  Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff alleges that "they" took various actions that he believes violated his rights. He does not explain who "they" are or how any individual participated in the alleged conduct. He previously was advised of the requirement to link each defendant to the allegedly unconstitutional conduct. He has failed to do so.

## V.     Conclusion and Recommendation

Based on the foregoing, Plaintiff's first amended complaint fails to state a claim upon which relief can be granted. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the action be DISMISSED for failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)

IT IS SO ORDERED.

Dated: December 28, 2016        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE